WILLIAMS *v.* WILLIAMS.

5-2693                                                     357 S. W. 2d 25

Opinion delivered May 14, 1962.

*O. W. Pete Wiggins,* for appellant.

*Howell, Price & Worsham,* for appellee.

PAUL WARD, Associate Justice. The parties to this action were divorced in 1952. The decree awarded the two minor children to the mother (appellant) and ordered appellee to pay $50 per month to the mother for support of the minors. The present litigation stems from the failure of appellee to make the monthly payments.

Since we have reached the conclusion that the cause must be remanded for further development of pertinent facts, we deem it unnecessary to discuss in detail all the testimony or all the numerous pleadings set forth in the record.

After the divorce decree in 1952 the record is silent until August 21, 1958 when the court cited appellee to show cause why he should not take care of the delinquent payments and increase the monthly payments. About one month later appellee was ordered to pay $3,300 and to quit poisoning the minds of the children against the mother. A little later the above order was set aside for lack of notice. On April 20, 1961 appellee (after being again cited to show cause) was ordered to pay $100 per month ($25 per week) for support, but no order was made about the delinquent payments. About four months later appellee was cited to show cause why he had not made the $100 payments, and why he should not pay the $3,000 past due.

Climaxing the above series of proceedings the trial court, on September 19, 1961, (a) refused to order appellee to discharge in full all delinquent payments; (b)

ordered appellee to pay $600 for support of the minors; and, (c) reduced the monthly payments from $100 to $50 per month.

A careful review of the record (as abstracted by both sides) sheds very little light on the phases of this case about which we are most concerned, viz: (a) the financial needs of the two minor children; (b) the financial ability of appellee to supply such needs; and, (c) the justification for relieving appellee from paying all the past due monthly installments. We feel that justice would be better served by remanding the cause for further development along the lines indicated.

Accordingly, the decree of the trial court is reversed and the cause is remanded.